IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LARRY DARNELL RUCKER,<br>BOP ID 46419-019,<br>   Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>   Respondent. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | MOTION TO VACATE<br>28 U.S.C. § 2255<br><br>CIVIL ACTION NO.<br>1:15-CV-2430-MHS-CMS<br><br>CRIMINAL ACTION NO.<br>1:95-CR-511-MHS |

**FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Larry David Rucker's *pro se* Motion Under 28 U.S.C. § 2255 or Alternatively Under 28 U.S.C. § 2241 [97] collaterally attacking his sentence. For the following reasons, Rucker's motion should be denied.

In 1996, a jury convicted Rucker of serious firearms offenses [36]. Because Rucker had three prior state convictions for possession with intent to distribute cocaine, he was subject to sentencing as an armed career criminal. *See* U.S.S.G. §4B1.4. "The resulting Guidelines range was 262-327 months' imprisonment." *United States v. Rucker*, 171 F.3d 1359, 1360 (11th Cir. 1999).

The Honorable Marvin H. Shoob departed downward and "sentenced [Rucker] to 188 months' imprisonment on the first count of conviction and 120 months' imprisonment on the second count of conviction, to run

concurrently." *Id.* at 1361 (footnote omitted).  The government appealed, and the United States Court of Appeals for the Eleventh Circuit concluded that this Court had erred in departing downward. *Id.* at *passim*.  On remand, Judge Shoob resentenced Rucker to a 262-month term of imprisonment on the first count of conviction and a 120-month term of imprisonment on the second count of conviction, to run concurrently [51]. Rucker's appeal was denied [57].

In 2001, Rucker collaterally attacked his sentence under 28 U.S.C. § 2255 [59].  Judge Shoob ultimately denied Rucker's motion in 2003 [80], and Rucker did not appeal.

In 2012, Rucker sought a writ of audita querela [84], which Judge Shoob denied [88].  In 2013, Rucker filed a "Motion to Reopen in Interest of Justice" [89], that Judge Shoob also denied [96].

Rucker has now filed a *pro se* Motion Under 28 U.S.C. § 2255 or Alternatively Under 28 U.S.C. § 2241 [97] to collaterally attack his sentence yet again.

To the extent Rucker's motion is brought under § 2255, it should be denied because it is a second or successive motion that the Eleventh Circuit

has not authorized him to file. *See* 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3)(A).

To the extent Rucker's motion is brought under § 2241, Rucker has not demonstrated that he meets the requirements to invoke § 2255(e)'s "savings clause" set forth in *Bryant v. Warden, FCC-Coleman Medium*, 738 F.3d 1253, 1262 (11th Cir. 2013). *Bryant* requires, among other things, a showing that the United States Supreme Court has announced a new rule that "applies retroactively on collateral review" to the petitioner's case. *Id.* at 1274.

Rucker asserts that *Johnson v. United States*, No. 13-7120, 2015 U.S. LEXIS 4251 (June 26, 2015), announced a new rule that applies retroactively to his case. In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act [*i.e.*, 18 U.S.C. § 924(e)(2)(B)] violates the Constitution's guarantee of due process." *Id.* at *24-25. The Supreme Court further held, however, that its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at *25. Because Rucker's sentence was enhanced based on his convictions for "serious drug offenses"

3

under § 924(e)(2)(A)(ii), not under the residual clause relating to a "violent felony" in § 924(e)(2)(B), *Johnson* by its express terms does not apply to Rucker's case.

The undersigned **RECOMMENDS** that Rucker's motion [97] be **DISMISSED** and a Certificate of Appealability be **DENIED** because it is apparent that he is not entitled to federal habeas corpus relief. *See* 28 U.S.C. foll. § 2255, Rule 4; *Slack v. McDaniel*, 529 U.S. 473 (2000).

Solely for the purpose of dismissal and solely to the extent his motion is construed as one arising under § 2241, Rucker is **GRANTED** permission to proceed *in forma pauperis*.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED, ORDERED, AND DIRECTED**, this 9th day of July, 2015.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE